IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JERRY WAYNE GRAY, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-00119 |
| ) | Chief Judge Haynes |
| MAURY COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff, Jerry Wayne Gray, Jr., an inmate incarcerated in the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Maury County Jail alleging violations of his federal rights. The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

**I.   Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under

those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II. Factual Allegations

Plaintiff alleges that despite being aware that he has a tumor that has destroyed much of the bone in one of his legs, jail staff reassigned him to a cell in which another inmate occupied the lower bunk, and instructed Plaintiff to sleep on the top bunk or the floor. He alleges that in July 2014, he jumped off the top bunk and broke his leg at approximately 6:45 and had to wait until 11:30 to be taken to the hospital for treatment. He asserts that these facts violated his Eighth Amendment right to be free from cruel and unusual punishment. He further alleges that a correctional officer accessed his medical file, and asserts that this constitutes a violation of the Health Insurance Portability and Accountability Act (HIPAA). He seeks $150,000 in damages and injunctive relief, including a requirement to have medical staff on site at all times.

## III. Discussion

Plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff names the Maury County Jail as the sole Defendant to this action. It is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity

susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Because Plaintiff has not claimed that the alleged Eighth Amendment violation was carried out under the authority of an unconstitutional policy or custom adopted by the county, he would not state a claim against Maury County even if he named the county as a defendant in lieu of the jail. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). His suit, therefore, fails to state a claim under § 1983.

Further, Plaintiff does not have a colorable federal cause of action in connection with any alleged violation of the Health Insurance Portability and Accountability Act (HIPAA). Federal "[c]ourts have repeatedly held that HIPAA does not create a private right" and "cannot be privately enforced . . . via § 1983." *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 138–39 (8th Cir. 2009) (collecting cases); *accord Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information.").

## IV. CONCLUSION

For the reasons set forth herein, this action will be **DISMISSED with prejudice** for failure to state a claim for which relief can be granted. An appropriate order is filed herewith.

ENTERED this the 12th day of September, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

-4-